IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SeaCube Containers LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION _____ |
| vs. | § | |
| | § | IN ADMIRALTY, Rule 9(h) |
| Ace Global Lines DWC LLC, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| P.D.R Solutions (U.S.) LLC | § | |
| Inchcape Shipping Services, Inc. | § | |
| Inchcape Shipping Services (USA), Inc. | § | |
| ISS Marine Services, Inc. | § | |
| | § | |
| Garnishees. | § | |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

SeaCube Containers LLC ("SeaCube") brings this action against Ace Global Lines DWC LLC ("Ace Global") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against Garnishees and states as follows:

**Jurisdiction and Venue**

1.      This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2.      Venue is proper in this District because the Garnishee is within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3.      Venue is also proper in this District because Ace Global's property is or soon will be in this District.

4.     Ace Global cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5.     SeaCube is a New York corporation registered under the name Container Leasing International, LLC which leases containers for the ocean transport of commodities, including tank containers for the transport of liquid cargo (herein, the "Containers").

6.     Ace Global is a Dubai business entity which operates non-vessel ocean carriage for cargo between Dubai and various world ports, utilizing the Containers which Ace Global has leased from SeaCube.

7.     Garnishees each are entities with offices or agents located in this District which, on information and belief as detailed below, SeaCube reasonably believes hold accounts which are the property of and/or owing to Ace Global.

## Facts

8.     SeaCube leases or leased 740 Containers to Ace Global for the purpose of ocean transport, through a number of lease agreements including an Agreement on General Terms and Conditions dated October 21, 2013 (collectively, "Lease Agreements").

9.     The Lease Agreements require Ace Global to make timely payments for the Containers leased SeaCube, for repairs and maintenance of those Containers and for return of the leased Containers, upon termination of the Lease Agreements.

10.     Ace Global beginning 2018 began to fall behind on lease payments, and as a result, SeaCube agreed to reschedule lease payments from Ace Global.   Ace Global nevertheless fell behind on agreed, rescheduled payments and despite repeated demand, has failed to honor its agreement to make those payments.

11.     Consequently, on December 20, 2021, SeaCube pursuant to Lease Agreements notified Ace Global of its default, demanded immediate payment and further demanded that pursuant to the Lease Agreements, Ace Global return the leased Containers to SeaCube's designated ocean container depots.   Despite this demand, Ace Global has failed and refused to make payment, and has failed and refused to return SeaCube's Containers.

12.     The Lease Agreements provide that:

Lessee shall immediately notify SeaCube of the exact location of all Equipment leased to it, and shall immediately return the Equipment [Containers] to SeaCube in accordance with the redelivery provisions set forth in the applicable Addendum or at such place as SeaCube shall direct. Lessee further agrees to pay SeaCube upon demand the Replacement Value of any items of Equipments which have not been returned to SeaCube within twenty days of the date of SeaCube' notice of termination of this Agreement.

Ace Global, despite demand, has failed and refused to notify SeaCube of leased Containers locations, and has failed and refused to pay SeaCube for the Containers, 20 days having passed since SeaCube's demand for payment.

13.     Ace Global consequently owes SeaCube damages for failure to pay as the Lease Agreements require, including for the Containers which Ace Global has failed and refused to SeaCube as the Lease Agreements require, as detailed below.

## Count I – Breach of Contract

14.     SeaCube repeats the foregoing paragraphs.

15.     Ace Global has breached its maritime contract with SeaCube and caused SeaCube damages, as demanded below.

## Count II – Maritime Attachment and Garnishment (Rule B)

16.     SeaCube incorporates the above paragraphs as if fully set forth herein.

17.     SeaCube seeks issue of process of maritime attachment so that it may obtain

security for its claims in arbitration, including its contractual attorneys' fees and costs as provided in the Lease Agreements.

18.     No security for SeaCube's claims has been posted by Ace Global or anyone acting on its behalf.

19.     Ace Global cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction, namely, accounts owed Ace Global by garnishees.

## Prayer for Relief

WHEREFORE, SeaCube prays:

A.      That in response to Count I, process of maritime attachment be issued to garnish and attach property of Ace Global, including but not limited to, accounts payable owed or to be owed from garnishees to Ace Global in the amount of at least **$16,587,293.45** ($12,867,285.24 for the Containers, and a further $3,720,008.21 of payments for lease amounts under the Lease Agreements to date), together with additional per diem of at least on the Containers until the Containers are redelivered to or otherwise recovered by SeaCube, damage and repair charges for each redelivered container, any handling and repositioning costs, and other charges as provided in the Lease Agreements, together with a service charge of 1 ½% per month on all unpaid balances

B.      That in response to Count II since Ace Global cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Ace Global's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure SeaCube's claims, and that all persons claiming any

interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C.      That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D.      That this Court award SeaCube such other and further relief that this Court deems just and proper.

YOUNG CONAWAY STARGATT
& TAYLOR LLP

**OF COUNSEL**

J. Stephen Simms, Esq.                  */s/ Timothy Jay Houseal*
Simms Showers LLP                       Timothy Jay Houseal (Del. Bar No. 2880)
201 International Circle                 Rodney Square
Baltimore, Maryland 21030               1000 North King Street
Telephone:      (410) 783-5795          Wilmington, DE 19801
Facsimile:      (410) 510-1789          (302) 571-6682
jssimms@simmsshowers.com                thouseal@ycst.com

*Attorneys for SeaCube Containers LLC*

Dated:   January 10, 2022

## VERIFICATION

I am a Principal of the law firm Simms Showers LLP, of counsel to SeaCube.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of SeaCube made available to me by SeaCube. SeaCube's authorized officers are not readily available in this District to make verifications on SeaCube's behalf. I am authorized to make this verification on SeaCube's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for defendant Ace Global in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2021.

*/s/ J. Stephen Simms*
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: 410-783-5795
Email: jssimms@simmsshowers.com